UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| CARL HATCHNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-397 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| SECRETARY OF HEALTH & HUMAN SERVICES, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action brought by a participant in the Medicare Part C Program to review the final decision of the Secretary of Health and Human Services finding plaintiff responsible for $144.00 in co-payments for allergy shots. By written opinion dated November 25, 2008, an administrative law judge (ALJ) found that plaintiff was responsible for co-payments for allergy shots administered to him from March 9, 2007, to January 31, 2008. The ALJ's decision was based upon an interpretation of the Medicare regulations and the specific "Evidence of Coverage" document issued by defendant Blue Cross/Blue Shield (BCBS), plaintiff's Medicare Part C provider. The ALJ's decision was affirmed by the Medicare Appeals Council on February 27, 2009, and is now before this court for judicial review pursuant to 42 U.S.C. § 1395w-22(g)(5).

Plaintiff filed the instant civil action on May 1, 2009, naming both the Secretary of Health and Human Services and BCBS. Defendants have now moved to dismiss the matter for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Defendants point out that the statute providing for judicial review incorporates an amount-in-controversy requirement, which is adjusted each year by administrative regulation. The amount-in-controversy requirement for cases filed in district court in 2009 is $1,220.00. 73 Fed. Reg. 55848 (Sept. 26, 2008). The administrative record before the court shows that the co-payments at issue before the ALJ were only $144.68. In response to the motion to dismiss, plaintiff asserts that he has continued to accrue obligations to make co-payments after filing his original complaint. Even taking into account all co-pay obligations incurred by plaintiff up to the date of his response (September 11, 2009), the amount in controversy does not exceed $500.00, let alone the $1,220.00 required by statute.

## **Discussion**

The Medicare Act strips federal courts of primary federal-question subject-matter jurisdiction over claims that arise under that Act. *See Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008). In place of primary federal-question jurisdiction, the Act provides for an administrative hearing before the Secretary of Health and Human Services. If the amount in controversy is sufficient, the Act provides for "judicial review of the Secretary's final decision" in the form of a civil action in federal district court against the Secretary. 42 U.S.C. § 1395w-22(g)(5). Judicial review is limited to the Secretary's final decision. *See Giesse v. Secretary of Health & Human Servs.*, 522 F.3d 697, 703-04 (6th Cir. 2008). This procedure for judicial review of the administrative decision of the Secretary is to the exclusion of 28 U.S.C. § 1331 and provides the sole avenue for judicial review of any claim arising under the Medicare Act. *Heckler v. Ringer*, 466 U.S. 602, 615 (1984).

The foregoing authorities compel two conclusions. First, the only matter properly before the federal courts is the final decision of the Medicare Appeals Council, affirming the decision of the ALJ. Any controversy that arose after the ALJ hearing must be the subject of a different proceeding. Consequently, the amount in controversy in this matter is approximately $144.00 and cannot include any co-payment obligation incurred thereafter. Second, the amount in controversy in the present case fails to meet the threshold established by statute and regulation. This court therefore lacks subject-matter jurisdiction. *See Rubin v. Weinberger*, 524 F.2d 497, 499-500 (7th Cir. 1975) (affirming dismissal of Medicare claim for lack of jurisdiction where amount in controversy did not exceed statutory threshold); *Schwartz v. Medicare*, 832 F. Supp. 782, 790 (D.N.J. 1993) ("When a Medicare plaintiff is unable to meet the statutorily-prescribed jurisdictional amount, jurisdiction is lacking and dismissal is appropriate.").

**Recommended Disposition**

For the foregoing reasons, I recommend that the motion of the Secretary of Health and Human Services (docket # 18) and the motion of defendant Blue Cross/Blue Shield of Michigan (docket # 22) to dismiss for lack of subject-matter jurisdiction be granted.


Dated: February 24, 2010          /s/ Joseph G. Scoville
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).